GILBERT D. HENNING

v.                                     ⟩

SAMUEL P. HALL.

*Negotiable Instruments—Note—Action on Set-off—Limitation as to Recovery—Interest.*

1. In an action upon a note where the defense was in the nature of a set-off for legal services rendered, this court holds that the jury are limited in the amount they are entitled to find as the value of such services to the amount claimed by defendant, although witnesses testified that the services in question were worth more than was claimed by defendant.

2. Defendant is not entitled, in the case presented, to interest on his

claim for services, on the ground that he understood the credit was to be indorsed on the note, it not appearing that the agreement to allow interest was understood by both parties.

[Opinion filed December 8, 1890.]

APPEAL from the County Court of La Salle County; the Hon. FRANK P. SNYDER, Judge, presiding.

Messrs. RANDALL CASSEM and FOWLER BROS., for appellant.

Messrs. RICHOLSON & SEELEY and THOMAS N. HASKINS, for appellee.

UPTON, J. Appellant brought suit against appellee before a justice of the peace on a promissory note of the following tenor:

PLANO, Jan'y 31, 1881.

Four months after date I promise to pay to the order of G. D. Henning, one hundred and twenty-eight 11-100 dollars, at eight per cent interest, value received.

(Signed) SAMUEL P. HALL.

The suit resulted in a judgment upon the note for appellant; appellee appealed to the County Court of La Salle County, where a judgment was obtained for the appellee.

At the date of the rendition of the verdict and the determination of the suit in the County Court, the amount due appellant upon the note by its terms, was about $220. To offset this, appellee, under his plea of set-off, brought in a charge against the appellant for attorney's or solicitor's fees, consisting of two items:

1st. Filing a bill in chancery and obtaining an injunction thereon, which was afterward dismissed.

2d. For services in obtaining and preparing an affidavit to overcome a plea in abatement, filed in a chancery suit.

For the first item he charged $75, and the same amount for second item ($150 in the aggregate), and testified that in his opinion his services were reasonably worth that amount as charged on his books. This was appellee's entire claim in

offset, as shown by this record. The verdict of the jury was for the appellee for $56. This result could only have been arrived at by allowing to appellee about $276 as a set-off, upon an account on which was claimed due only $150. To remedy this obviously erroneous computation by the jury in their verdict as rendered, it is claimed by appellee that he understood that his fees were to have been credited upon the note, and hence he was entitled to interest thereon. But unless there is some proof that such was the understanding or agreement of both appellant and appellee, it could not be done, and appellee's account would not bear interest. The record is entirely barren of such proof. We think this was error. The appellee could not legally recover more than he charged as the reasonable worth of the service rendered, and he testified the same to have been worth in the aggregate $150, and he must be confined to his charge in that regard, although some of the witnesses introduced on the hearing may have estimated his services at more than he charged therefor. It is true that the average of all the evidence upon that point would make the value of appellee's claimed services more than what he actually charged therefor. It must be borne in mind, however, that the testimony offered by appellee, aside from his own, as to the value of the services, was but a mere estimate, and doubtless without actual knowledge of the amount and consequent actual value of appellee's services rendered, in point of fact, of which, certainly, appellee must have been by far the most competent judge, and so far as we are at present advised, professional gentlemen are regarded as quite competent to appreciate the value of personal services by themselves rendered, and are not believed to be chargeable with underestimating the value thereof in their charges therefor.

There can be no doubt in our judgment that the verdict of the jury was unsupported by the evidence, and the judgment of the County Court was manifestly erroneous. The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with the views hereinabove expressed.                    *Reversed and remanded.*